UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ZACHARY CHINEVERE,

      Plaintiff,                              DEMAND FOR JURY TRIAL

-vs-                                           Case No.
                                                  Hon.

JUDE AUTO SALES INC.,

      Defendant.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Zachary Chinevere who resides in Saginaw, Michigan.

1

4.  The Defendant to this lawsuit is Jude Auto Sales Inc. ("JASI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

## VENUE

5.  The transactions and occurrences which give rise to this action occurred in Macomb County.

6.  Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7.  On or about September 3, 2022, Plaintiff purchased a certain 2014 Dodge Journey, VIN 3C4PDCGG3ET261687 ("the vehicle") from JASI and JASI extended credit to Plaintiff as evidenced in the retail installment contract.

8.  When JASI took title from the previous owner, the title read "NOT ACTUAL MILEAGE."

9.  However, JASI represented to the Plaintiff and to the State of Michigan, falsley and with the intent to defraud, that the vehicle's mileage was actual.

10. JASUI also forged the Plaintiff's signature on the transfer of title, with the intent to defraud the Plaintiff.

11. Before consummating the purchase of the vehicle, JASI made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a. the mileage was actual when it was not

12. JASI made the following representations by operation of law as a result of the sale of a written warranty or extended service contract within 90 days of the sale of the vehicle:

    a. The vehicle was merchantable.

    b. the vehicle was fit for its intended purpose.

13. Before executing the purchase agreement, JASI made the following specific representations which constituted express warranties:

    a. the mileage was actual when it was not

14. The vehicle did not meet JASI's specific representations which constituted express warranties.

15. JASI disclaimed or limited the warranty of merchantability and fitness for use without doing so clearly and conspicuously.

16. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

17. Plaintiff properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring JASI to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

18. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

## **COUNT I -- Federal Odometer Act**

19. Plaintiff incorporates the preceding allegations by reference.

20. By failing to provide Plaintiff with a legal and conforming odometer disclosure at the time of sale, JASI has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

21. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

22. The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Plaintiff.

23. JASI knew or had reason to know that the odometer did not read actual miles.

24. JASI knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Plaintiff.

25. Instead of providing the required disclosures, JASI forged the signature of Plaintiff on the odometer disclosure with the intent to defraud and in violation of 49 U.S.C. §§32701-32711.

26. JASI failed to provide the required disclosure of mileage on the reassignment of title as required by 49 U.S.C. §§32701-32711 *et seq*.

27. Plaintiff suffered damages as a result of the violations set forth herein.

## COUNT II -- Michigan Odometer Act

28. Plaintiff incorporates the preceding allegations by reference.

29. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

30. The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold.

31. JASI knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Plaintiff.

32. JASI forged the signature of Plaintiff on the odometer disclosure in violation of M.C.L. §257.233a.

33. JASI failed to provide the required disclosure of mileage on the reassignment of title as required by M.C.L. §257.233a.

## COUNT III -- Violation of Michigan Consumer Protection Act

34. Plaintiff incorporates the preceding allegations by reference.

35. JASI is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

36. JASI has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

    c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

    d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g. Representing that a part, replacement, or repair service is needed when it is not.

h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l.     Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m.     Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n.     Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o.     Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p.     Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other

      payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t. Causing coercion and duress as the result of the time and nature of a sales presentation.

u. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

37. Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT IV  -- Misrepresentation

38. Plaintiff incorporates the preceding allegations by reference.

39. The material representations were intended to induce the reliance of Plaintiff.

40. The material representations did induce the reasonable reliance of Plaintiff.

41. JASI made the material representations with actual knowledge of their falsity.

42. JASI made the material representations with reckless disregard to their truth or falsity.

43. JASI made the material representations even though it should have known that they were false.

44. These actions constitute a misrepresentation upon Plaintiff.

45. Plaintiff suffered damages as a result of this misrepresentation.

### COUNT V -- Breach of Contract

46. Plaintiff incorporates the preceding allegations by reference.

47. JASI's tender of the performance did not conform as a result of the vehicle being a "NOT ACTUAL MILEAGE" vehicle.

48. The failure of JASI to deliver conforming goods and title at the contract price constitutes a material breach of contract.

49. Plaintiff suffered damages as a result of this breach of contract.

## COUNT VI -- UCC Revocation Of Acceptance

50. Plaintiff incorporates the preceding allegations by reference.

51. The nonconformity of the vehicle could not have been reasonably discovered by Plaintiff at the time JASI tendered delivery.

52. Plaintiff would not have accepted the vehicle had Chinevere known that the vehicle was nonconforming.

53. JASI has not made its tender of delivery conforming.

54. Plaintiff sent notice of revocation within a commercially reasonable time.

55. Plaintiff suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

## COUNT VII — Motor Vehicle Code Violations

56. Plaintiff incorporates the preceding allegations by reference.

57. JASI failed to apply for title within 15 days of delivering the vehicle in violation of MCL § 257.235.

58. JASI's failure to effectively transfer title constituted a violation of M.C.L. §257.235.

59. Plaintiff may void the contract of sale as a result JASI's violation of the Motor Vehicle Code.

## **JURY DEMAND**

60. Plaintiff requests a jury trial in this case.

## **REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, void the contract, and award costs, and attorney fees.

                Respectfully Submitted,

                ADAM G. TAUB & ASSOCIATES
                CONSUMER LAW GROUP, PLC

                By:   /s/ Adam G. Taub
                          Adam G. Taub (P48703)
                          Attorney for Zachary Chinevere
                          17200 West 10 Mile Rd. Suite 200
                          Southfield, MI 48075
                          Phone:  (248) 746-3790
                          Email:  adamgtaub@clgplc.net

Dated:  October 17, 2022